UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| CHRISTOPHER and WENDY SHIRLAND, | ) |
| | ) |
| Plaintiffs | ) |
| vs. | ) |
| | ) |
| NATIONAL ENTERPRISE SYSTEMS, INC., | ) |
| | ) |
| Defendant | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COME** the Plaintiffs, Christopher and Wendy Shirland, by and through their undersigned counsel, and complain against Defendant, National Enterprise Systems, Inc., as follows:

**I.  INTRODUCTION**

1.  This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Maine Fair Debt Collection Practices Act, Title 32 M.R.S.A. § 11001 *et seq.* (hereinafter, "State Act"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

**II.  JURISDICTION**

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the

Defendant transacted business here, the conduct complained of occurred here, and the Plaintiffs reside here.

### III.  PARTIES

3.  Plaintiffs, Christopher and Wendy Shirland, husband and wife, are natural persons residing in Eddington, County of Penobscot, State of Maine, and are "consumers" as defined by 15 U.S.C. § 1692a(3).

4.  Defendant, National Enterprise Systems, Inc., is an Ohio corporation engaged in the business of collecting debts with its principal place of business located at 29125 Solon Road, Solon, Ohio 44139-3442.  The principal purpose of Defendant, National Enterprise Systems, Inc., is the collection of debts using the mails and telephone and Defendant, National Enterprise Systems, Inc., regularly attempts to collect debts alleged to be due another.

5.  Defendant is a "debt collector" as defined by FDCPA, 15 U.S.C. § 1692a(6).

### IV.  FACTUAL ALLEGATIONS

6.  Plaintiff, Christopher Shirland, sometime before March of 2008, incurred credit card debt for personal and household expenses with Sears in an unknown amount.

7.  Upon information and belief, this debt was referred to Defendant, National Enterprise Systems, Inc., for collection.

8.  On or about March 4, 2008, an individual named Tracy Slater called Plaintiff, Christopher Shirland, at his place of employment, Stratham Tire, in Bangor, County of Penobscot, State of Maine, and asked him about the Sears debt.

9. When Plaintiff, Christopher Shirland, received the phone call, he was at the front customer counter dealing with customers and told Ms. Slater he could not speak with her at the moment and asked to put her on hold so he could go to another office phone.

10. When he took the call at the other phone, Tracy Slater identified herself and asked Christopher if he was going to pay the debt to Sears. He informed her of his intention to file a bankruptcy, whereupon she asked him to state his name into the phone and to state that he was refusing to pay the debt of his own free will and then advised him that the reason for that was so that she could contact "payroll" and have the debt deducted from his wages.

11. At this point, Plaintiff put Ms. Slater on hold again and got a piece of paper and asked for her name and number, whereupon she responded "Why?". Plaintiff told her that he would call her back in ten minutes. She gave him the number 1-800-337-6556, Extension 1142, and the call ended.

12. Christopher, who was very upset at this call received at work, called his wife, Wendy Shirland, and let her know what had happened.

13. Plaintiff, Wendy Shirland, then called the number in question and spoke to Tracy Slater trying to explain to her that Plaintiffs were going to be filing for bankruptcy.

14. Tracy Slater informed Wendy Shirland that it was "too late" and they were already going to garnish wages and had already contacted Christopher's employer. She further stated that the bankruptcy would not take care of this debt, that it was too late, and that he had signed a waiver and that he had waived his right to file bankruptcy on this debt.

15. At this point, Wendy asked Ms. Slater how she could do this and Ms. Slater responded that there was pretty much nothing to be done about it and then hung up on Plaintiff, Wendy Shirland.

16. Shorty thereafter, Plaintiff, Christopher Shirland, not knowing that his wife, Wendy, had called Ms. Slater, returned Ms. Slater's call, as he told her that he would, and identified himself,

whereupon Ms. Slater said, "I just terminated a call with your wife, It's a "done deal, have a nice day" and hung up on Christopher.

17. Christopher, at this point, was extremely stressed over the phone conversations and the threat that his wages would be garnished.

18. Plaintiff, Wendy Shirland, was extremely worried that if her husband's pay was garnished, they would not be able to pay their bills.

19. Wendy Shirland called the law office of Attorney Perry O'Brian in Bangor, County of Penobscot, State of Maine, and spoke with his legal assistant, Vicki Lingley, who advised Wendy that the debt collector could not do the things that had been threatened.

20. Following the conversation with Ms. Lingley, Plaintiff, Wendy Shirland, called Tracy Slater back and told her that she had spoken to someone in her attorney's office and that she now understood that the debt collector could not do the things that she was threatening, whereupon Ms. Slater hung up on her.

21. After being hung up on by Ms. Slater, Plaintiff, Wendy Shirland, then called the number again and asked to speak to Tracy Slater's supervisor, whereupon Ms. Slater hung up on her yet again.

22. Plaintiff, Wendy Shirland, then called the same number using a different extension and asked for a supervisor and told the supervisor that a representative of National Enterprise Systems, Inc. had lied to her and hung up on her repeatedly. A person identifying himself or herself as a supervisor then explained that the debt collector, Ms. Slater, had a "hard job", but agreed that what she had done was wrong, that she shouldn't have done it, and they would investigate the situation. The supervisor apologized and said that they would not contact Plaintiffs again.

23. Plaintiff, Christopher Shirland, had only been on his job for a few months and was embarrassed, scared, and angry as a result of the phone calls and the threats and misinformation conveyed by Ms. Slater, Defendant's representative.

24.     Plaintiff, Wendy Shirland, had been ill since October and was scheduled for and, in fact, had surgery less than two weeks following these phone calls.  She was also extremely upset and worried over the content of the phone calls as well as being offended at being talked to in the manner she had been talked to and being hung up on a number of times by Ms. Slater.

### V.  FIRST CLAIM FOR RELIEF

25.     The allegations of Paragraphs 1 through 24 above are realleged and incorporated herein by reference.

26.     The foregoing acts and omissions by the Defendant, National Enterprise Systems, Inc., constitute violations of the FDCPA, which include, but are not limited to, the following:

   a.     The Defendant, National Enterprise Systems, Inc., violated 15 U.S.C., Section 1692(d) by engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b.     The Defendant, National Enterprise Systems, Inc., violated 15 U.S.C., Section 1692(e) by using any false, deceptive, or misleading representation in connection with the collection of any debt.

27.     As a result of the above violations of the FDCPA, the Defendant, National Enterprise Systems, Inc., is liable to the Plaintiffs for actual damages, statutory damages, and attorneys fees.

### VI.  SECOND CLAIM FOR RELIEF

28.     The allegations of Paragraphs 1 through 27 above are realleged and incorporated herein by reference.

29.     This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

30. Defendant, National Enterprise Systems, Inc., is a Debt Collector as defined under Title 32 M.R.S.A. Section 11002(6) and is subject to the provisions of the Maine Fair Debt Collection Practices Act (herein referred to as the MFDCPA).

31. Plaintiffs, Christopher and Wendy Shirland, are "consumers" as defined under Title 32 M.R.S.A. Section 11002(3)

32. The foregoing acts and omissions by the Defendant, National Enterprise Systems, Inc., constitute violations of the MFDCPA, which include, but are not limited to, the following:

   a. The Defendant, National Enterprise Systems, Inc., violated 32 M.R.S.A. Section 11013(1) by engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. The Defendant, National Enterprise Systems, Inc., violated 32 M.R.S.A. Section 11012(1)(C) by communicating with the consumer in connection with the collection of a debt at the consumer's place of employment when the debt collector knew, or had reason to know, that the consumer's employer prohibited the consumer from receiving such communications.

33. As a result of the above violations of the MFDCPA, the Defendant, National Enterprise Systems, Inc., is liable to the Plaintiffs for actual damages, statutory damages, and attorneys fees.

**WHEREFORE**, Plaintiffs pray that this Court sanction Defendant, award such actual damages, including costs and attorneys fees, as are appropriate, and grant such other and further relief as is just and equitable.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs, Christopher and Wendy Shirland, demand a trial by jury in this action.

Dated at Bangor, Maine, this 15th day of August, 2008.

    /s/ Richard W. Hall, Esq.
Richard W. Hall, Esq.
Attorney for Plaintiffs
107-111 Columbia Street
Bangor, Maine  04401
(207) 947-3386

    /s/ Perry O'Brian, Esq.
Perry O'Brian, Esq.
Attorney for Plaintiffs
42 Columbia Street
Bangor, Maine  04401
(207) 942-4697

### **VERIFICATION**

We, Christopher and Wendy Shirland, hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of our knowledge, information, and belief.

Dated:  August 15, 2008

    /s/ Christopher Shirland
Christopher Shirland

Dated:  August 15, 2008

    /s/ Wendy Shirland
Wendy Shirland